IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CAROLYN PETERS**, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**LEGACY HEALTH**, a corporation,<br><br>　　　　　Defendant. | Case No. 3:24-cv-01039-IM<br><br>**OPINION AND ORDER GRANTING MOTION TO DISMISS** |

Paul Janzen & Caroline Janzen, Rugged Law, Inc., 4550 SW Hall Boulevard, Beaverton, OR 97005. Attorneys for Plaintiff.

Matthew A. Tellam & Brenda K. Baumgart, Stoel Rives LLP, 760 SW Ninth Avenue, Suite 3000, Portland, OR 97205. Attorneys for Defendant.

**IMMERGUT, District Judge.**

　　　　Plaintiff Carolyn Peters brings claims against Defendant Legacy Health for failure to accommodate under Title VII and Oregon law. Defendant filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), ECF 10, arguing that Plaintiff fails to state a claim under either statute and that the Oregon law claim should be dismissed as time-barred. For the reasons below, this Court concludes that Plaintiff has not stated a failure-to-accommodate claim

PAGE 1 – ORDER GRANTING MOTION TO DISMISS

and additionally failed to bring her Oregon law claim within the applicable statute of limitations. This Court therefore grants the Motion to Dismiss.

## STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to state a "claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, (2007). That means the "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If a plaintiff cannot "nudge the claim across the line from conceivable to plausible, the complaint must be dismissed." *Twombly*, 550 U.S. at 570 (cleaned up). At this stage, the court must accept as true all factual allegations, *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 969 (9th Cir. 2017), draw all reasonable inferences in favor of the non-moving party, *id.*, and take care to "examine the allegations of the complaint as a whole," *Khachatryan v. Blinken*, 4 F.4th 841, 854 (9th Cir. 2021). A "judge's disbelief of a complaint's factual allegations" is not grounds for dismissal on a motion to dismiss. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## BACKGROUND

For purposes of the Motion to Dismiss, this Court takes the allegations of the complaint, summarized here, as true. Plaintiff Carolyn Peters was employed at Defendant Legacy Health's Emanuel Medical Center as a registered nurse for approximately fifteen years. Complaint ("Compl."), ECF 1 ¶ 16. She states that she loved her job, consistently received excellent reviews, and planned to continue to work for Legacy Health until retirement. *Id.*

PAGE 2 – ORDER GRANTING MOTION TO DISMISS

Plaintiff Peters is a devout Christian. *Id.* ¶ 17. She is active in her church community and has served as a lay eucharistic visitor in her church.[1] *Id.*

In the summer of 2021, Defendant imposed a COVID-19 vaccine mandate on its employees. *Id.* ¶ 7. Plaintiff's religious convictions prevented her from taking the vaccine. *Id.* ¶ 8. Plaintiff applied for a religious exception to the vaccine mandate. *Id.* ¶ 17. In that application,[2] Plaintiff stated that she believes she is "a child of God, and my body is my temple and should not be violated by being mandated to take an experimental 'vaccine' that has not yet been proven to be safe." Declaration of Matthew Tellam ("Tellam Decl."), ECF 11 ¶ 5, Ex. 4. Defendant denied her request, placed her on administrative leave on October 1, 2021, and terminated Plaintiff's employment on October 19, 2021. *Id.*

Plaintiff filed a religious discrimination complaint with the Oregon Bureau of Labor and Industries ("BOLI") on August 15, 2022, which she requested be cross-filed with the federal Equal Employment Opportunity Commission ("EEOC"). Tellam Decl., ECF 11 ¶ 2; Ex. 1. Plaintiff was mailed a right-to-sue letter from BOLI on February 13, 2023. *Id.* Ex. 2. Plaintiff was mailed a right-to-sue letter from the EEOC on March 28, 2024. *Id.* Ex. 3. She filed the present action on June 26, 2024. Compl., ECF 1.

---

[1] A lay eucharistic visitor is a volunteer responsible for taking the consecrated elements to members of the congregation who, because of illness or infirmity, are unable to be physically present at church services.

[2] This Court will consider the contents of the exception request, which was referred to in the Complaint, ECF 1 ¶ 17, and tendered by Defendant, Declaration of Matthew A. Tellam, ECF 11, Ex. 4. A court may consider a document when its content is relied on by the complaint, including where a "plaintiff's claim depends on the contents of a document." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

PAGE 3 – ORDER GRANTING MOTION TO DISMISS

# DISCUSSION

Plaintiff alleges that Defendant wrongfully terminated her employment after failing to make a good-faith effort to accommodate her sincere religious beliefs. *Id.* ¶ 22–23. She brings claims for employment discrimination under both Title VII of the Civil Rights Act of 1964 and O.R.S. 659A.030. *Id.* ¶ 19–31. Defendant moves to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has failed to allege sufficient facts to state a failure-to-accommodate claim.[3] Motion to Dismiss ("Mot."), ECF 10 at 5–11. Defendant also contends that Plaintiff's state law claim is barred by the statute of limitations. *Id.*, ECF 10 at 22–23. This Court concludes that Plaintiff cannot allege sufficient facts to state a claim for employment discrimination and that her claim under O.R.S. 659A.030 is time-barred.

## A. Failure to State a Claim

To make out a prima facie case of religious discrimination,[4] Plaintiff must demonstrate that (1) she had a sincere religious belief that conflicted with Defendant's vaccine mandate, (2) she informed Defendant of the belief and conflict, and (3) she was discharged because of her failure to comply with Defendant's vaccine mandate. *See Berry v. Dep't of Soc. Servs.*, 447 F.3d 642, 655 (9th Cir. 2006) (citation omitted); *see also Heller v. EBB Auto Co.*, 8 F.3d 1433, 1437

---

[3] Plaintiff's counsel agreed to withdraw all claims that were the subject of Defendant's Motion to Dismiss other than the state law failure-to-accommodate claim. Plaintiff's Response in Opposition to the Motion to Dismiss ("Resp."), ECF 16 at 1; Defendant's Reply, ECF 17 at 2 n.1. This Opinion therefore only addresses the timeliness of that claim.

[4] Both parties assume that Plaintiff must plead all the elements of a prima facie case of religious discrimination to survive a motion to dismiss, *see* Mot., ECF 10 at 5; Resp., ECF 16 at 4, and this Court will likewise look to these elements to assess the sufficiency of Plaintiff's Complaint. *But see Austin v. Univ. of Or.*, 925 F.3d 1133, 1136–37 (9th Cir. 2019) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)) (holding that a plaintiff need not necessarily establish a prima facie case of discrimination to survive a motion to dismiss because the prima facie case is an evidentiary standard, not a pleading requirement); *Savel v. MetroHealth Sys.*, 96 F.4th 932, 943 (6th Cir. 2024) (holding the same in a vaccination case).

n.2 (9th Cir. 1993) ("Courts construe Oregon's statutory counterpart . . . as identical to Title VII."). Defendant contends that Plaintiff has failed to establish either of the first two elements. Mot., ECF 10 at 5–11.

Plaintiff states that she informed Defendant "that she believes that she is a child of God, and that her body is a temple, which should not be violated by being mandated to take an experimental vaccine." Compl., ECF 1 ¶ 17. Defendant first argues that these beliefs are not "religious in nature," but rather "medical or scientific" or "reflecting generalized fears or anxieties." Mot., ECF 10 at 8. Defendant also argues that, even if religious, these beliefs do not conflict with Defendant's vaccine mandate. *Id.* This Court concludes that Plaintiff has pled a religious belief but has failed to plead that this belief conflicts with Defendant's policy. Because her request for a religious exemption contained similar language to her Complaint, this Court also concludes that Plaintiff cannot establish that she provided sufficient notice to her employer of her conflicting religious belief and grants the motion to dismiss.

1. **Sincere religious belief**

First, this Court concludes that Plaintiff's objection is religious in nature. An "assertion of a sincere religious belief is generally accepted." *Keene v. City & Cnty. of S.F.*, No. 22-16567, 2023 WL 3451687, at *2 (9th Cir. May 15, 2023). "It is not within the judicial ken to question the centrality of particular beliefs or practices to a faith, or the validity of particular litigants' interpretations of those creeds." *Hernandez v. Comm'r of Internal Revenue*, 490 U.S. 680, 699 (1989). The Supreme Court has warned, "[r]epeatedly and in many different contexts," that "courts must not presume to determine the place of a particular belief in a religion or the plausibility of a religious claim." *Employment Div. v. Smith*, 494 U.S. 872, 887 (1990). Plaintiff grounds her objection to the vaccine mandate in her belief that "she is a child of God" and her "body is a temple." Compl., ECF 1 ¶ 17. Such views cannot reasonably be understood as secular

PAGE 5 – ORDER GRANTING MOTION TO DISMISS

and are "almost self-evidently enough to establish" a religious objection. *Lucky v. Landmark Med. of Mich., P.C.*, 103 F.4th 1241, 1243 (6th Cir. 2024).

Defendant argues that Plaintiff's reference to an "experimental vaccine" should be understood as expressing medical or scientific doubt, rather than religious conviction. Mot., ECF 10 at 8. But this on its own is not sufficient to render her objection secular when it also has a religious component. *See Callahan v. Woods*, 658 F.2d 679, 684 (9th Cir. 1981) ("[A] coincidence of religious and secular claims in no way extinguishes the weight appropriately accorded the religious one."); *Passarella v. Aspirus, Inc.*, 108 F.4th 1005, 1009 (7th Cir. 2024) ("An employee may object to an employer's vaccine mandate on both religious and non-religious grounds —for example, on the view that receiving the vaccine would violate a religious belief *and* implicate health and safety concerns." (emphasis in original)).

Defendant also points to other decisions issued by this Court as support for its argument that plaintiff's objections were not religious. But those cases turned not on the religiosity of the plaintiff's objection, but on the fact that the plaintiff failed to establish any conflict between their general or overarching religious beliefs and their specific objections to the vaccine.[5] Defendant cites *Craven v. Shriners Hospitals for Children*, No. 3:22-cv-01619-IM, 2024 WL 21557 (D. Or. Jan. 2, 2024), as holding that "plaintiff's statement in his exception request that his 'body is a temple of the Holy Spirit' was 'decidedly secular.'" Mot., ECF 10 at 8. This does not accurately describe this Court's holding in *Craven*. This Court made clear that it was not "question[ing] the

---

[5] In addition to these cases, Defendant points to *Ruscitti v. Legacy Health*, No. 3:23-cv-00787-JR, 2024 WL 2092949 (D. Or. Mar. 18, 2024), *report & recommendation adopted*, 2024 WL 2078399 (D. Or. May 8, 2024). That case concluded that Plaintiff's objection that the vaccine would "taint[] the purity of her body" was not religious. *Id.* at *3. Plaintiff's Complaint in this case grounds her religious objection in her belief that she is a "child of God," ECF 1, ¶ 17, which is more clearly a religious view than the plaintiff's vague references to "bodily integrity" and "purity" in *Ruscitti*.

PAGE 6 – ORDER GRANTING MOTION TO DISMISS

sincerity of Plaintiff's belief that his 'body is a temple of the Holy Spirit.'" *Craven*, 2024 WL 21557, at *4. That claim failed because the plaintiff drew no connection between that sincere religious belief and his opposition to the vaccine. *See id.* (describing the beliefs as "independent of one another"). In *Prakash v. Oregon Health & Science University*, this Court likewise did not "question the sincerity of Plaintiff's religious beliefs" or that they were religious; that claim also failed because plaintiff failed to make any statement as to how her beliefs conflicted with receiving a COVID-19 vaccine. No. 3:23-cv-01653-IM, 2024 WL 3494981, at *3 (D. Or. July 22, 2024). And in *Stephens v. Legacy-GoHealth Urgent Care*, the plaintiff stated that she did not believe the vaccine was consistent with her faith, but provided no other details. No. 3:23-cv-00206-SB, at *6 (D. Or. Oct. 23, 2023), *report & recommendation adopted as clarified sub nom. Stephens v. Legacy Health*, 2023 WL 7623865 (D. Or. Nov. 14, 2023).

This Court views the requests in *Craven* and *Prakash* as presenting examples of exemption requests based "entirely in safety considerations with no plain and express *connection* to religion," which even courts that have permitted similar claims to proceed have indicated would be insufficient to survive a motion to dismiss. *Passarella v. Aspirus, Inc.*, 108 F.4th 1005, 1011 (7th Cir. 2024) (emphasis added). Plaintiff Peters, like the plaintiffs in *Craven* and *Prakash*, makes allegations that can be read as "plausibly based in part on an aspect of [her] religious belief or practice." *Id.* But like those plaintiffs, as discussed below, she fails to connect her religious beliefs to her opposition to the vaccine.

### 2. Conflicting religious belief

Second, this Court concludes that Plaintiff has not pled a conflict between her sincere religious belief and the vaccination mandate. Title VII "requires employers to accommodate the religious practice of their employees." *Groff v. DeJoy*, 143 S. Ct. 2279, 2286 (2023). Title VII defines religion expansively, including "all aspects of religious observance and practice, as well

PAGE 7 – ORDER GRANTING MOTION TO DISMISS

as belief." 42 U.S.C. § 2000e(j). Plaintiff pleads that "she believes that she is a child of God, and that her body is a temple, which should not be violated . . . ." Compl., ECF 1 ¶ 17. Plaintiff's Complaint leaves it to this Court to infer that vaccination would, in some way, violate that quality. Compl., ECF 1 ¶ 17. Even making all reasonable inferences in favor of Plaintiff, this Court cannot reasonably make that inference based on the facts alleged.

Nothing in Plaintiff's Complaint explains why taking the COVID-19 vaccine would be inconsistent with treating her body as a temple. Plaintiff does not plead, for example, that she has a religious belief that proscribes vaccination or any other type of medicine or medical treatment. *Cf., e.g.*, *Gamon v. Shriners Hosps. for Child.*, No. 3:23-cv-00216-IM, 2024 WL 641715, at *3-4 (D. Or. Feb. 15, 2024) (denying a motion to dismiss where plaintiff objected to taking the vaccine based on a religious belief that life begins at conception). At most, she expresses a "high-level, religiously-inspired goal: treat one's body well." *Passarella*, 108 F.4th at 1014 (Rovner, J., dissenting). She fails, however, to "directly connect[] that religious belief to the objected-to employment term." *McDowell v. Bayhealth Med. Ctr., Inc.*, No. , 2024 WL 4799870, at *2 (3d Cir. Nov. 15, 2024). Although her objection may be religiously *motivated*, she does not establish that her request for a vaccine exemption is necessary to accommodate any particular religious principle or practice. Concluding otherwise "would leave 'almost no limit to the accommodations that an employer would have to entertain under Title VII's ban on religious discrimination.'" *Id.* (quoting *Passarella*, 108 F.4th at 1014 (Rovner, J., dissenting)). This Court thus concludes that Plaintiff does not adequately plead a failure-to-accommodate claim under either Title VII or Oregon law.

### 3. Notice to employer

Finally, Defendant argues that Plaintiff failed to inform Defendant of her religious beliefs and how they conflicted with the vaccination mandate. Mot., ECF 10 at 9. Plaintiff submitted a

PAGE 8 – ORDER GRANTING MOTION TO DISMISS

religious exemption request to Defendant that contained language similar to her complaint; specifically, she stated that she believed: "I am a child of GOD, and my body is my temple and should not be violated by being mandated to take an experimental 'vaccine' that has not yet been proven to be safe." Tellam Decl., ECF 11, Ex. 4 at 2. As discussed above, this statement was not sufficient to give Defendant any reason to believe that Plaintiff's sincere religious beliefs precluded her from complying with the vaccine mandate. Rather, Plaintiff's challenge to the vaccine appears to be based on her perception of the safety of the vaccine, without a clear connection to her religious beliefs.

For the reasons stated above, this Court concludes that Plaintiff has failed to state a failure-to-accommodate claim and grants the motion to dismiss. Defendant is correct that Plaintiff cannot amend her exception request, and the Court is skeptical that Plaintiff can state a claim in light of the content of the request. This Court will nonetheless allow Plaintiff an opportunity to do so if she believes she can state a claim.

## CONCLUSION

Defendant's Motion to Dismiss, ECF 10, is GRANTED. Plaintiff's claims are DISMISSED with leave to amend.

**IT IS SO ORDERED.**

DATED this 18th day of December, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge